IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| XEROX CORPORATION, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB 10-00294 |
| STRUCTURAL SYSTEMS INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Xerox Corporation entered into a Lease Agreement to lease five multifunction printers to Defendant Structural Systems for sixty months. Defendant stopped paying its invoice amounts constituting a default on the Lease Agreement. Plaintiff then filed this action. Plaintiff immediately moved for Summary Judgment, before the Complaint was answered arguing that Defendant had no grounds for defense, but because there was no service of process, the Motion for Summary Judgment was denied. Plaintiff filed a Second Motion for Summary Judgment contending that since Defendant does not deny default, there is no genuine issue of material fact. The parties' submissions have been reviewed and this Court offered to hold a hearing in this matter on November 10, 2011. However, the parties were unavailable and agreed to submit on the papers. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff Xerox Corporation's Second Motion for Summary Judgment (ECF No. 12) is DENIED.

BACKGROUND

On November 5, 2007, Plaintiff Xerox Corporation ("Xerox" or "Plaintiff") entered into a Lease Agreement ("Agreement") with Defendant Structural Systems Inc. ("Structural Systems"

1

or "Defendant"), where Defendant leased five multifunction printers for a term of sixty months and agreed to pay $0.0079 per printed page.  Pl.'s Compl., ¶5, ECF No. 1,  Pl.'s Exh. 1, ECF No. 1-2.  According to the Agreement, Xerox provided all the equipment and services and would send periodic invoices to Structural Systems for payment.  Pl.'s Compl. ¶6, *see also* Pl's Exh 1.  These invoices required payment within thirty days of each invoice date.  *Id.* ¶7.  The last payment Defendant made was on February 13, 2009.  *Id.* ¶9.  The Agreement states that failure to pay within fifteen days of due date constitutes a default.  Pl.'s Exh. 1 at 5.  Defendant's failure to make any payments after February 13, 2009, resulted in default of the terms and conditions of the Agreement.  *Id.* ¶9.  Despite Structural Systems' refusal to make any more payments, it retained and used the leased equipment for a full year.  Pl.'s Exh. B at ¶3-4, ECF No. 12-2.  Defendant does not dispute or deny that there was a breach of contract on their part.  Pl's Exh. C, ECF No. 12-3.

As a result of default by Defendant, Plaintiff asks for damages and other costs as indicated in the Agreement.  Compl. ¶10.  The Agreement contains a section on "Default and Remedies."  Pl.'s Exh. 1 at 5.  In this section, the Agreement states that upon default, Plaintiff may require immediate payment of: "(1) all amounts due, plus interest on all amounts due from the due date until paid at the rate of 1.5% per month; (2) the remaining Lease Minimum Payments in the Agreement's term less any unearned finance, maintenance, and supply charges (as reflected on Xerox's books and records); (3) a reasonable disengagement fee calculated by Xerox that will not exceed fifteen percent."  Pl.'s Exh. 1. at 5.  Furthermore, this Agreement provides that if Defendant defaults, Defendant will pay all of the costs Xerox incurs including reasonable attorneys' fees and costs.  *Id.*

Xerox has tried to mitigate the amount owed by the Defendant. On February 17, 2010, Xerox recovered the equipment leased to Defendant. Pl.'s Exh. B at ¶8. Xerox used a third party, the Gartner Group, to determine the fair market value of the equipment, taking into account the condition of the equipment upon recovery. *Id.* at ¶8-9. Xerox applied the determined fair market value of the equipment, $10,070.00 as a credit to the Defendant's account. *Id.* at ¶10-11. Xerox claims that as a result of failure to pay since February 13, 2009 constituting a breach, Defendant owes $186,214.65, plus 1.5% interest per month, a 15% disengagement fee and reasonable attorney's fees and costs. Pl.'s Compl. ¶10-14.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th

Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

## ANALYSIS

In this case, there is a genuine issue of material fact regarding the amount Structural Systems owes Xerox. Both agree that there was a default and breach of the Agreement in this case, but disagree on the amount owed. Pl's Exh. C. Plaintiff has identified a concrete number, $186,214.65, plus 1.5% interest per month, a 15% disengagement fee, plus reasonable attorney's fees and costs. Pl.'s Compl. ¶10-14. However, Defendant contends that this is not the amount that they owe. Defendant has not identified what they believe to be the correct number because they argue that they do not have access to Xerox's internal data to fully calculate the correct amount. *See* ECF No. 12-3. Defendant argues that Plaintiff has not deducted unearned finance, maintenance and supply charges as required under the Agreement. *See* ECF No. 1-2 at 5. Defendant further argues that neither it nor the Court is able to calculate the damages that Plaintiff is seeking under the current record in evidence. Specifically, "the record is devoid of any evidence of the magnitude of Xerox's 'unearned finance, maintenance, and supply charges." Def.'s Opp'n to Mot. for Summ. J. at 2, ECF No. 17. Additionally, the numbers and invoices

provided in the record are not fully explained by the Plaintiff, for either the Court or Structural Systems to be able to make independent calculations. Finally there is a question of whether the fifteen percent disengagement fee is reasonable under the circumstances. The Agreement states "a reasonable disengagement fee calculated by Xerox that will not exceed fifteen percent," Pl.'s Exh. 1 at 5, and Xerox has not shown how a fifteen percent fee is reasonable under the current circumstances. Plaintiff's submissions identify the amount that it is asking for, but does not clearly delineate how that number was calculated to sufficiently rebut the contentions made by Structural Systems. Despite the parties agreeing that a breach occurred, there is still a genuine issue of material fact regarding the amount. Accordingly, Plaintiff's Second Motion for Summary Judgment (ECF No. 12) is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff Xerox Corporation's Motion for Summary Judgment (ECF No. 12) is DENIED.

A separate Order follows.

Dated: November 28, 2011

/s/_____
Richard D. Bennett
United States District Judge